|  |  |
|---|---|
| WEINSTEIN & RILEY, P.S.<br>Jerome A. Yelsky, Of Counsel – SBN 75240<br>12100 Wilshire Blvd, Suite 1100<br>Los Angeles, CA 90025<br><br>Telephone:  310-820-6529<br>Facsimile:   310- 826-2321<br><br>Attorneys for Plaintiff | 5/3/2005   **FILED**   15:09<br>SA05-10724JB<br>DEBTOR:<br>    ELLIS, JENNIFER A<br>JUDGE:  James N. Barr   408<br>TRUSTEE:<br>CHAPTER:   7    AD05-01203<br>---<br>CLERK, U. S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIF.   ID: E-F<br>RECEIPT NO:   SA-004005   $ 150.00<br><br>Summons Issued   05/03/2005<br>Answer Date   6/2/2005<br>Hrg. Date   08/15/2005   at   10:00 AM |

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>JENNIFER A ELLIS ,<br>280 Avocado St Apt B-102<br>Costa Mesa, CA 92627<br><br><br>    Debtor.<br>――――――――――――<br>MBNA AMERICA BANK, N.A.<br><br>        Plaintiff,<br>    vs.<br><br>JENNIFER A ELLIS ,<br><br><br>        Defendant. | Chapter 7<br><br>Bankruptcy No. SA 05-10724 JB<br><br>Adversary Case No.<br><br>COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT U.S.C. §523(a) (2) (A)<br>DATE: See Summons |

### **COMPLAINT TO DETERMINE**
### **THE DISCHARGEABILITY OF DEBT**

Plaintiff, through its attorney, Jerome A Yelsky, Of Counsel, states as follows:

### **I.  PARTIES AND JURISDICTION**

1. This is an adversary proceeding in bankruptcy brought by MBNA America Bank, N.A. pursuant to 11 U.S.C. § 523.

2. Plaintiff is a foreign corporation licensed to do business in the State of California with all fees and licenses paid, and otherwise is entitled to bring this action.

1/E-F

3. Defendant filed a Chapter 7 bankruptcy petition on 02/08/2005.

4. Jurisdiction is vested in this proceeding pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and 11 U.S.C. §523; this matter is a core proceeding.

5. Plaintiff is a creditor in this bankruptcy proceeding.

## II. CAUSE OF ACTION

6. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 4, above.

7. Plaintiff has attempted to resolve this matter prior to filing this complaint, by contacting the Defendant's attorney.

8. At all times mentioned, Plaintiff granted to Defendant an extension of credit in the form of a credit card bearing Account No. XXXXXX3523.

9. Defendant utilized the aforementioned line of credit, creating a balance due and owing on this account of $10,967.29, including interest as of the date the bankruptcy petition was filed.

10. Specifically for account number XXXXXX3523 between 08/25/2004 and 08/26/2004 Defendant incurred $4,000.00 in cash advance and/or convenience check charges.

11. At the time the Defendants incurred charges on their account, they were cognizant of their inability to repay the charges incurred on the line of credit.

12. Pursuant to In re Dougherty 84 B.R. 653 (9th Cir. 1998), Courts may consider twelve factors or the totality of the circumstances to help determine a debtor's state of mind regarding an intention to repay.

13. These factors in Dougherty relevant to this case include:

    (a) <u>the time between the unpaid charges and the bankruptcy filing; the number and amount of charge made;</u>

(b) <u>the debtor's payment and debt incurrence history;</u>

(c) <u>whether the charges exceeded the debtor's credit limit;</u>

(d) <u>whether the debtor incurred multiple charges on the same day;</u>

(e) <u>whether there was a sudden change in the debtor's buying habit; and</u>

(f) <u>whether the purchases were made for luxuries or necessities.</u>

14. By obtaining and/or accepting an extension of credit from Plaintiff and incurring charges on this account, Defendant represented an intention to repay the amounts charged Dougherty 84 B.R. 653 (9th Cir. 1998).

15. Defendant had to be cognizant of the fact that they did not have the ability to repay the debt in full to Plaintiff or any other credit card issuer.

16. By reason of the foregoing, Defendant obtained money from the Plaintiff through false pretenses, false representations and actual fraud.

17. Defendant, therefore, had a specific intent to defraud Plaintiff by accepting the benefits of the cash advances and/or purchases without ever intending to repay the same.

18. Defendant's actions constitute material misrepresentations of the facts.

19. Defendant intended for Plaintiff to rely on those misrepresentations.

20. Plaintiff did rely upon Defendant's misrepresentations of repayment and was induced to lend money to Defendant by those misrepresentations.

21. Plaintiff reasonably relied on Defendant's misrepresentations.

22. Defendant's debt is a "consumer debt", as defined by 11 U.S.C.§ 101(8).

23. As a result of Defendant's conduct, Plaintiff has suffered damages in the amount of $4,000.00. Pursuant to 11 USC § 523(a)(2), Defendant should not be granted a discharge of this debt to the Plaintiff in the amount of $4,000.00.

### **III. PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court grant the following relief:

1. A monetary judgment against Defendant in the amount of $4,000.00, plus accrued interest at the contractual rate from and after 02/08/2005, plus additional interest at the contractual rate, which will continue to accrue until the date of judgment herein;

2. An order determining that such debt is non-dischargeable under 11 USC § 523(a)(2);

3. An order awarding Plaintiff its attorneys' fees and costs incurred herein; and

4. An order awarding Plaintiff such additional relief as this Court deems just and equitable.

DATED this 3rd day of May, 2005.

                              WEINSTEIN & RILEY, PS

By:    ___/S/_____
          Jerome A. Yelsky, Of Counsel (75240)
          12100 Wilshire Blvd, Suite 1100
          Los Angeles, CA 90025
          Telephone: 310-820-6520

| B. 104 (Rev. 8/99) | **ADVERSARY PROCEEDING SHEET** (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (For Court Use Only) |
|---|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Address | Address |

| ATTORNEYS (Firm Name, Address, and Telephone Number) **Bar ID:** | ATTORNEYS (if known) **Bar ID:** |
|---|---|
| Telephone #        Fax # | Telephone #        Fax # |

PARTY (Check one box only)    1  U.S. PLAINTIFF    2  U.S. DEFENDANT    3  U.S. NOT A PARTY

CAUSE OF ACTION  (Write a brief statement of cause of action, including all U.S. statutes involved)

**NATURE OF SUIT**
(Check the one most appropriate box only)

- 454  To recover money or property
- 435  To determine validity, priority, or extent of a lien or other interest in property
- 458  To obtain approval for the sale of both the interest of the estate and of a co-owner in property
- 424  To object or to revoke a discharge 11 U.S.C. § 727
- 455  To revoke an order of confirmation of a Chapter 11 or Chapter 13 Plan
- 426  To determine the dischargeability of a debt 11 U.S.C. § 523
- 434  To obtain an injunction or other equitable relief
- 457  To subordinate any allowed claim or interest except where such subordination is provided in a Plan
- 456  To obtain a declaratory judgment relating to any of the foregoing causes of action
- 459  To determine a claim or cause of action removed to a bankruptcy court
- 498  Other (specify)

| **ORIGIN OF PROCEEDING** (Check one box only) | 1  Original Proceeding | 2  Removed Proceeding | 4  Reinstated or Reopened | 5  Transferred from Another Bankruptcy Court | CHECK IF THIS IS A CLASS ACTION  UNDER F.R.C.P. 23 |
|---|---|---|---|---|---|

| **DEMAND** | NEAREST THOUSAND $ | OTHER RELIEF SOUGHT | JURY DEMAND |
|---|---|---|---|

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR | BANKRUPTCY CASE NUMBER |
|---|---|

| DISTRICT IN WHICH CASE IS PENDING Central District of California | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NUMBER |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

| **FILING FEE** (Check one box only) | FEE ATTACHED | FEE NOT REQUIRED | FEE IS DEFERRED |
|---|---|---|---|

| DATE | PRINT NAME | SIGNATURE OF ATTORNEY (OR PLAINTIFF) /S/ |
|---|---|---|

B-104
(Rev. 8/99)

**ADVERSARY PROCEEDING COVER SHEET (Reverse Side)**

---

This cover sheet must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney) and submitted to the Clerk of the Court upon the filing of a complaint initiating an adversary proceeding.

The cover sheet and the information contained on it *do not* replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court.  This form is required for the use of the Clerk of the Court to initiate the docket sheet and to prepare necessary indices and statistical records.  A separate cover sheet must be submitted to the Clerk of the Court for each complaint filed.  The form is largely self-explanatory.

**Parties.**  The names of the parties to the adversary proceeding *exactly* as they appear on the complaint.  Give the names and addresses of the attorneys if known.  Following the heading "Party," check the appropriate box indicating whether the United States is a party named in the complaint.

**Cause of Action.**  Give a brief description of the cause of action including all federal statutes involved.  For example, "Complaint seeking damages for failure to disclose information, Consumer Credit Protection Act, 15 U.S.C. § 1601 et seq.," or "Complaint by trustee to avoid a transfer of property by the debtor, 11 U.S.C. § 544."

**Nature of Suit.**  Place an "X" in the appropriate box.  Only one box should be checked.  If the cause fits more than one category of suit, select the most definitive.

**Origin of Proceedings.**  Check the appropriate box to indicate the origin of the case:

1. Original Proceeding.
2. Removed from a State or District Court.
4. Reinstated or Reopened.
5. Transferred from Another Bankruptcy Court.

**Demand.**  On the next line, state the dollar amount demanded in the complaint in thousands of dollars.  For $1,000, enter "1," for $10,000, enter "10," for $100,000, enter "100," if $1,000,000, enter "1000."  If $10,000,000 or more, enter "9999."  If the amount is less than $1,000, enter "0001."  If no monetary demand is made, enter "XXXX."  If the plaintiff is seeking non-monetary relief, state the relief sought, such as injunction or foreclosure of a mortgage.

**Bankruptcy Case In Which This Adversary Proceeding Arises.**  Enter the name of the debtor and the docket number of the bankruptcy case from which the proceeding now being filed arose.  Beneath, enter the district and divisional office where the case was filed and the name of the presiding judge.

**Related Adversary Proceedings.**  State the names of the parties and six-digit adversary proceeding number from any adversary proceeding concerning the same two parties or the same property currently pending in any bankruptcy court.  On the next line, enter the district where the related case is pending and the name of the presiding judge.

**Filing Fee.**  Check one box.  The fee must be paid upon filing unless the plaintiff meets one of the following exceptions.  The fee is not required if the plaintiff is the United States government or the debtor.  If the plaintiff is the trustee or a debtor in possession and there are no liquid funds in the estate, the filing fee may be deferred until there are funds in the estate.  (In the event no funds are ever recovered for the estate, there will be no fee.)  There is no fee for adding a party after the adversary proceeding has been commenced.

**Signature.**  This cover sheet must be signed by the attorney of record in the box on the right of the last line of the form.  If the plaintiff is represented by a law firm, a member of the firm must sign.  If the plaintiff is *pro se*, that is, not represented by an attorney, the plaintiff must sign.

The name of the signatory must be printed in the box to the left of the signature.  The date of the signing must be indicated in the box on the far left of the last line.